```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION
```

FILED
OCT - 2 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | | |
|---|---|---|
| WEST FORK PARTNERS, L.P., | ) | CIVIL ACTION NUMBER |
| Plaintiff, | ) | |
| VERSUS | ) | NO. 3:09-CV-0370-D |
| CHESAPEAKE EXPLORATION, L.L.C., ET AL, | ) | |
| Defendant. | ) | June 4, 2009 |

```
                         VOLUME 1 of 1
                 TRANSCRIPT OF MOTION TO COMPEL
            BEFORE THE HONORABLE WILLIAM F. SANDERSON, JR.
                  UNITED STATES MAGISTRATE JUDGE
```

For the Plaintiff:    MICHAEL B. TRISTAN
                      Patton Boggs LLP
                      2001 Ross Ave
                      Suite 3000
                      Dallas, TX 75201
                      214/758-1500

For the Defendant:    ROGER C. DISEKER
                      Kelly Hart & Hallman
                      201 Main St
                      Suite 2500
                      Fort Worth, TX 76102-3194
                      817/332-2500

Proceedings reported by electronic recording, transcript produced by computer.

ORIGINAL

1                   P R O C E E D I N G S:

2          THE COURT: We have on the docket here this
3 morning West Fork Partners, L.P. Versus Chesapeake Exploration,
4 LLC. This is in Number 3:09-CV-370-D.
5          The record will reflect that the district court
6 has referred the Plaintiff's Motion to Compel to me for
7 determination, and I've scheduled a hearing for today's date
8 and time.
9          Let me first of all, just for the record, who's
10 here on behalf of the Plaintiff?
11          MR. TRISTAN: Michael Tristan on behalf of West
12 Fork Partners.
13          THE COURT: All right. And for the Defendant?
14          MR. DISEKER: Roger Diseker.
15          THE COURT: All right. Well, I have reviewed
16 the motion, the response, and the reply. Where do you all
17 stand on this case now as far as the discovery is concerned?
18          MR. TRISTAN: Frankly, judge, from the time the
19 response has been -- was filed, and, frankly, the time the
20 reply was filed, no documents have changed hands, save and
21 except, I believe, four documents. Four maps were produced
22 yesterday around five o'clock via hand delivery.
23          There has been very limited correspondence back
24 and forth regarding the type of electronic searches that should
25 be conducted to locate responsive documents, but those stopped

1  well over a month ago.  And, frankly, we're in the same
2  position we were at the time our rely was filed.
3              THE COURT:  All right.  Well, Mr. Diseker, it
4  appears you all don't agree on what has been produced in this
5  case or what the defendants are prepared to produce.
6              MR. DISEKER:  Well, half of the picture
7  Mr. Tristan gave, we are guilty as charged.  We owe them
8  documents, and we will produce them by close of business a week
9  from today, subject to.
10             The case is settled or at least my clients think
11 it is settled.  Our clients have been meeting, I think, weekly.
12 At least they have -- my clients have produced a single spaced
13 page memorandum of all the various agreements that have to be
14 created between his client and my client.
15             So all the business issues in the lawsuit have
16 been settled, which is why my client doesn't want to incur the
17 some $50,000 in costs to produce the documents.
18             The only issue remaining in settlement is his
19 clients recent demand for $400,000 in attorney's fees to finish
20 the settlement.  That's our road block right now, Your Honor.
21 If they want us to go ahead and produce the documents, I'll
22 have them all to them by five o'clock a week from today.
23             But, again, I think the case is settled, and
24 we're just here to apply a little leverage to me on the
25 attorney's fees issue.

```
 1                THE COURT:  Okay.  Well...
 2                MR. TRISTAN:  Your Honor, if I could respond?
 3                THE COURT:  Sure.
 4                MR. TRISTAN:  I'm certainly not here to waste
 5   your time and to apply pressure solely.  There have been
 6   on-going settlement negotiations, and, hopefully, they will
 7   work out.  But as of this time -- and, frankly, Mr. Diseker and
 8   I am not completely privy to those.  The business people have
 9   been working that out.
10                MR. DISEKER:  That's correct.
11                MR. TRISTAN:  And I think that's probably better
12   as far as getting things done.  But at this point there frankly
13   is no settlement agreement.  There's no memorandum of
14   understanding.  There are several points of contention out
15   there that are still up in the air.  We can't stop litigating
16   the case because there's a potential for settlement.
17                I certainly hope --
18                THE COURT:  Is there a scheduling order in
19   place?  As I understand it, there is a motion to remand this
20   case back to the state court in which it was filed.  I'm not
21   privy to that, other than looking at the docket sheet, and it
22   appears to me, looking at the docket, that that motion is ripe
23   for some determination.
24                The only reason I raise that is, I don't
25   understand that there is any kind of scheduling order that has
```

```
 1  a discovery deadline, et cetera.
 2              MR. DISEKER:  There is a scheduling order, Your
 3  Honor.
 4              THE COURT:  There is one.
 5              MR. DISEKER:  We have a lot of time on that
 6  order.  We're not trying to put them in a position where --
 7              THE COURT:  I'm just trying to get a handle.
 8  What is the deadline for completion of discovery?  I mean, is
 9  it imminent?  Is it six months from now?  Is it nine months?
10  I mean, just a horseback guess.
11              MR. DISEKER:  Nine months.  Don't we have a
12  default next year trial date?
13              MR. TRISTAN:  I believe that's correct.
14              MR. DISEKER:  Yes.  We have plenty of time, Your
15  Honor.
16              MR. TRISTAN:  A discovery deadline, but the
17  reason we're here is the important date in this case is
18  September 16th, 2008.  That's the day that our discovery
19  requests were served.
20              THE COURT:  Okay.  Well, I understand.
21              Well, rather than make a ruling here today, what
22  I want to do is, I want to be apprised forthwith whether you
23  all have settled the case or your clients have settled the case
24  and a date certain, if that has not been accomplished, that the
25  documents sought are going to be produced.
```

1                MR. DISEKER:  Your Honor, how about we give you
2  a report on status by Friday at five?  Is today Thursday?  I'm
3  sorry.  I've been traveling.
4                THE COURT:  Yes.  Today is Thursday, the 4th.
5                MR. DISEKER:  I apologize, Your Honor.
6                THE COURT:  If it's Tuesday, we're in Belgium,
7  but we're here in Dallas on Thursday.  Okay.
8                MR. DISEKER:  That would be Mexico for me.
9                THE COURT:  Okay.
10               MR. DISEKER:  How about Monday by noon we
11 apprise you of where the settlement talks are, and, if it does
12 not settle, I'll produce the documents to them Wednesday by
13 five.
14               MR. TRISTAN:  I think that's agreeable.
15               THE COURT:  All right.  Then I would like to
16 hear from you if there are issues still remaining as to the
17 discovery that you had sought, whether you're satisfied.  If
18 you're satisfied, then my intention is to simply enter a minute
19 order relating your communication to me that everything has now
20 been accomplished, the matter is moot, and it's denied.
21               MR. TRISTAN:  Okay.
22               THE COURT:  If there are issues that still
23 remain, which hopefully there wouldn't be, I will consider
24 setting a further hearing on the motion.
25               MR. TRISTAN:  Understood.

```
 1                THE COURT:  All right.  Very good.
 2                MR. DISEKER:  How would you like us to report to
 3   you?  By letter?  By phone?
 4                THE COURT:  I prefer letter simply because I
 5   like to have something that --
 6                MR. DISEKER:  To file.
 7                THE COURT:  Not necessarily filed, but a hard
 8   copy that at least is in my files so that -- I mean, I try and
 9   keep on top of all the cases that I'm handling, but I sometimes
10   forget.  So, you know, six months down the road I may have
11   forgotten what was telephonically reported.
12                MR. TRISTAN:  Understood.
13                MR. DISEKER:  We'll hand deliver a letter to you
14   Monday.
15                THE COURT:  Well, a fax is fine, followed up by
16   hard copy.
17                MR. DISEKER:  If we're both going to sign, it's
18   just as easy for me to deliver.
19                THE COURT:  Whatever.  I just don't want to make
20   you all incur any additional expenses that may not otherwise be
21   necessary.
22                MR. DISEKER:  Thank you.
23                THE COURT:  All right.  Thank you, gentleman.
24                MR. TRISTAN:  Appreciate it.
25                MR. DISEKER:  Thank you.
```

1       THE COURT:  We'll be in recess.

2       (End of proceedings)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CERTIFICATION

I, JANET E. WRIGHT, RPR/CSR, certify that the foregoing is a transcript from the record of the proceedings in the foregoing entitled matter.

I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

This is the 23rd day of June, 2009.

*[signature: Janet E Wright]*

JANET E. WRIGHT, CSR, RPR
Certified Shorthand Reporter
My CSR Expires on 12-31-09
6611 Hillcrest Avenue
#257
Dallas, Texas 75205
214/542-9735